REQUESTED BY: Dear Senator Clark:
You have called our attention to amendments to LB 363 found on page 1973 of the Legislative Journal, and have asked our opinion as to their constitutional validity. The amendment you are concerned with would amend section 79-2650, R.S.Supp., 1978. This section now permits the board of a technical community college to certify to the County Board of Equalization of each county in the area a mill levy of not to exceed 2 mills for operating expenditures and 1 mill for capital improvements, the operating levy being authorized by subsection (1) and the capital improvements levy by subsection (2).
The amendment in question would add this language:
 "The levy provided in subsection (1) of this section may be exceeded (a) with prior approval by a majority vote of the qualified electors of the area voting in an election called for such purpose pursuant to section 79-2650.03, Revised Statutes Supplement, 1978, or (b) by a two-thirds vote of the area board of any area having less than seven citizens per square mile except that such increase shall not exceed that amount necessary to generate the maximum amount of receipts from local tax sources permitted under the Political Subdivision Budget Limit Act of 1979.'
You have asked whether this violates the Equal Protection Clauses of the federal and state Constitutions. We prefer to discuss this matter in terms of whether it creates unreasonable classification, in violation of Article III, section 18 of the Nebraska Constitution, although frequently a violation of that section is also a violation of the Equal Protection Clause.
The amendment would create a separate classification consisting of those technical community college areas having a population of less than seven persons per square mile. The citizens of such an area would not have a right to vote on the question of whether the levy in question would exceed 2 mills, although citizens in other areas would have that right.
The Supreme Court of Nebraska has frequently said that while it is competent for the Legislature to classify for purposes of legislation, such classification must rest on some reason of public policy, some substantial difference of situation or circumstance, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. See Taylor v. Karrer,196 Neb. 581, 244 N.W.2d 201 (1976).
There must be some rational relationship between the basis of classification and the difference in treatment. Difference in population, or even density of population, could, of course, be a valid basis for classification for certain purposes. We have considerable difficulty in perceiving what relationship density of population bears to the question of whether or not the electors will be permitted to vote on the issue of exceeding the mill levy limitation fixed by section 79-2650(1). There may be some justification for the classification, but it is not readily apparent, and has not been disclosed in the amendment. We therefore believe the amendment to be constitutionally suspect in this regard.
You also ask whether the provision in question conflicts with the uniformity clause of Article VIII, section 1
of the Nebraska Constitution. We conclude that it does not. So far as a provision of this sort is concerned, uniformity is achieved if the taxation is uniform within the district in which the tax is imposed. There is no requirement that all technical community college areas be taxed uniformly, but only that all property within each area be taxed uniformly. We therefore conclude that the provision in question poses no problems in that respect.